In the Matter of ANTHONY B. FUSCO et al., Petitioners, against ROBERT MOSES, as Chairman of the Triborough Bridge and Tunnel Authority of the City of New York, Respondent.

Supreme Court, Special Term, New York County, May 17, 1951.

*O'Donnell & Schwartz* for petitioners.

*G. Frank Dougherty* and *Ruth I. Wilson* for respondent.

STEUER, J. The four petitioners were employees of the Triborough Bridge and Tunnel Authority. They are veterans. On September 28, 1950, they and several other employees were notified of charges against them and the following day they were served with written charges and notified of the date of hearing on those charges. Those of the employees who were veterans were also informed that they were entitled to counsel.

On September 28th, the petitioners, together with two other employees, Pickles and Berninger, consulted Asher W. Schwartz, Esq., an attorney, as to their defense. Pickles originally joined in this petition but has withdrawn from it. Berninger was never really under charges. It appears that the tunnel authority was for some time aware of the practices which were the basis of the charges and had directed Berninger to make note of instances and report them. He pretended to be in sympathy with petitioners. He received notice of suspension with the others (though he was not in fact suspended) and continued for a few days to act as if he were one of those charged. As stated, he accompanied the petitioners to their attorney's office and was present at the consultation. At the hearings Berninger's true position was revealed. The petitioners were all found guilty of the charges and dismissed.

The petition seeks their reinstatement on the ground that no proper hearing was given them. The basis of this is that their right to be represented by counsel was denied them.

It is not disputed that petitioners were entitled to representation by counsel. This would include an opportunity to consult counsel under confidential circumstances. It would be undisputable that the right would be interfered with if the authority required consultation to be in the presence of one of its agents. The same is true if the attendance of the agent is the result of a trick.

Respondent urges three reasons why no consequence should attend this incident. The first is that no testimony was elicited from Berninger as to what took place at the consultation nor was any information gained by him at that time used in any way. It is true that there is no such claim. Secondly, the petitioners do not dispute the sufficiency of the evidence against them — one formally admitted his guilt at the hearing and one testified to it in testifying against another employee.

Neither of these contentions is material. The statutory requirement of a hearing applies to the guilty as well as the innocent and no one is in a position to say that an improper or faulty hearing is good enough for a guilty man.

Respondent's third contention is of a different character. The proceedings are not void if petitioner is not represented by counsel. They only assume that aspect if respondent deprives him of that right. Respondent denies sending Berninger to the consultation or having prior knowledge that he would attend it. It is claimed that Berninger's presence resulted from his

own act induced by a fear to disclose his true relationship to the situation. It is argued that any loss of rights which resulted from Berninger's act, as far as the authority is concerned, is fortuitous. This argument overlooks the fact that the respondent used Berninger for a special purpose and it would be drawing too fine a line to hold that his authority did not go to the extent of attending the meeting.

Lastly, the authority urges the demoralization that will result from restoring to the service these men who, it claims, are plainly guilty. Such action is not necessarily permanent. Nothing prevents the authority from serving them over with the same charges and trying them again.

Motion granted, settle order.